UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                            Civil Case No. 10-13064
                                            Criminal Case No. 07-20411
                                            HON. GEORGE CARAM STEEH

vs.

ERNEST HAYES,
_____/

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 AND DENYING A CERTIFICATE OF APPEALABILITY

      Petitioner Ernest Tyrone Hayes was charged in a superseding information on October 14, 2008 for maintaining a drug establishment in violation of 21 U.S.C. § 856(a)(1). On October 21, 2008, petitioner pleaded guilty by way of a Rule 11 plea agreement to the single charge contained in the superseding information. On April 30, 2009, petitioner was sentenced to 120 months imprisonment. The judgment of sentence was entered on May 1, 2009. Petitioner filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on July 29, 2010.

      Because petitioner waived the right to direct appeal in his Rule 11 plea agreement, he did not file a direct appeal of his conviction and sentence. Accordingly, his conviction became final fourteen (14) days following entry of the judgment. See Fed. R. App. 4(b)(1); Fed. R. Crim. P. 45(a).

      Under 28 U.S.C. § 2255(f)(1), petitioner had one year from the date his conviction became final to file his § 2255 motion to vacate, set aside or correct sentence. See 28

-1-

U.S.C. § 2255(f)(1) ("A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the [] date on which the judgment of conviction becomes final[.]")  Petitioner's conviction became final on May 15, 2009, or fourteen days after the judgment was entered by the court.  Petitioner signed his motion to vacate, set aside or correct sentence on July 23, 2010, and it was filed with the court on July 29, 2010.  Even if the court finds that July 23, 2010 is the date petitioner's § 2255 motion was filed, it is still beyond the May 15, 2010 deadline mandated by § 2255(f)(1).  Therefore, petitioner's §2255 motion is untimely and subject to dismissal.  However, even if petitioner timely filed his § 2255 motion, he would not be entitled to relief because his claims are without merit.

Petitioner raises the following claims in his § 2255 motion: (1) his conviction was obtained in violation of the protection against double jeopardy; (2) his conviction was obtained by the use of a coerced confession; (3) he was denied his Sixth Amendment right to the effective assistance of counsel because his attorney, David Steingold, told him he would get fifty seven months imprisonment; and (4) his guilty plea was not made voluntarily and it was coerced.

Petitioner argues that the Double Jeopardy Clause of the Fifth Amendment was violated when the prosecutor referenced petitioner's prior state convictions for attempted arson and possession of controlled substances at sentencing.  Consideration of a defendant's prior criminal conduct, whether charged or uncharged, does not implicate the Double Jeopardy Clause.  See Witte v. United States, 515 U.S. 389, 397-98 (1995)("[U]se of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause.")

Petitioner's claim that his Miranda rights were violated because his post-arrest statement was coerced is similarly without merit. A valid guilty plea constitutes "a break in the chain of events which has preceded it in the criminal process." Tollett v. Henderson, 411 U.S. 258, 267 (1973). It is a binding, final judgment against the defendant. United States v. Broce, 488 U.S. 563, 569 (1989). Therefore, when a defendant admits in open court that he is guilty of the acts alleged in the indictment or information, he has waived raising "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett, 411 U.S. at 267.

Additionally, petitioner's plea was knowing and voluntary. A guilty plea is valid only if it represents the defendant's voluntary, knowing, and intelligent choice among the alternative courses of action available to him. See Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005); Brady v. United States, 397 U.S. 742, 748 (1970). A plea is voluntary if the defendant who enters it is fully aware of the direct consequences, and if the defendant is not induced by threats, misrepresentations, or improper promises. Brady, 397 U.S. at 755. Voluntariness must be determined by considering all of the relevant circumstances surrounding the plea. Id. at 749. A plea is knowing and intelligent if the defendant is advised by competent counsel, is made aware of the nature of the charge against him, and where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his mental faculties. Id. at 756. While the state bears the burden of showing that the petitioner's plea was voluntary, intelligent and knowing, that burden is generally satisfied when the state produces a transcript of the state court proceedings showing that the plea was made voluntarily. See Stumpf v. Mitchell, 367 F.3d 594, 600 (6th Cir. 2004), vacated in part on other grounds by Bradshaw v. Stumpf, 545 U.S. 175, 125 (2005).

The transcript of the plea hearing establishes that petitioner's plea was both voluntary and knowing. Petitioner was represented by counsel at the plea hearing and he informed the court that he had gone over the Rule 11 plea agreement with his counsel. 10/21/08 Tr. at 6. Petitioner indicated that he was not under the influence of any drugs or alcohol and that he could read, write and understand the English language. Id. at 4. Petitioner acknowledged his understanding of the charge, its possible sentence, the plea agreement's terms, and the consequences of the plea. Id. at 6-14. The trial court advised petitioner of his trial rights and the fact that he would be waiving those rights by pleading guilty. Id. at 11-14. Petitioner denied that any promises, other than those contained in the plea agreement, induced him to enter his plea. Id. at 7, 9 and 11. Petitioner's claim that his plea was involuntary and coerced is therefore belied by his own sworn testimony.

Finally, petitioner's claim that he was denied the effective assistance of counsel because counsel allegedly told him that he would receive a sentence of 57 months imprisonment is without merit. At the plea hearing, petitioner testified that he understood his conviction carried a maximum of up to twenty years imprisonment, and that his anticipated guideline range was 151 to 188 months. Id. at 7. See United States v. Todaro, 982 F. 2d 1025, 1029 (6th Cir. 1993)("[E]ven if the attorney gave [the defendant] incorrect information, the judge's advice on the record, as a matter of law, was sufficient to bar [the defendant] from relying on a claim that he pled guilty on a mistaken assumption about the consequences of going to trial.") Petitioner's ineffective assistance of counsel claim is therefore without merit.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules

Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir.1997). The court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right. The court will not issue a certificate of appealability in this case.

Accordingly,

Petitioner's motion to vacate, set aside or correct sentence [#197] is DENIED.

Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [Case No. 10-13064] is DISMISSED with prejudice. A certificate of appealability shall not issue.

Dated: September 22, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 22, 2011, by electronic and/or ordinary mail and also to Ernest Hayes at FCI Allenwood, P.O. Box 2000, Whitedeer PA 17887-2000.
S/Josephine Chaffee
Deputy Clerk