UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                       Criminal Case No. 07-20411

    vs.                               HON. GEORGE CARAM STEEH

ERNEST HAYES,

    Defendant.
_____/

### ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(2)

Defendant Hayes pleaded guilty to maintaining a drug establishment in violation of 21 U.S.C. § 856(a)(1) and was sentenced to 120 months imprisonment in 2009. Hayes has filed an unsuccessful 28 U.S.C. § 2255 motion and several unsuccessful motions to reduce his sentence based on the amendments to the crack cocaine sentencing guidelines. In June 2012, the court prohibited Hayes from filing any further "motion or request for reduction in sentence based on the crack guideline amendment."

On April 1, 2014, Hayes filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The court permitted this request under the Sixth Circuit's decision in United States v. Jackson, 678 F.3d 442 (6th Cir. 2012), in which the court reduced a career offender's sentence based on the crack guideline amendment. The government filed its response on April 30, 2014, asserting Jackson does not apply to Hayes' case, nor does it compel reduction of his sentence. Hayes did not file a subsequent response.

Pursuant to the facts below, the court denies defendant's motion for sentence reduction.

As the government asserts in its response to the motion for sentence reduction, Jackson does not apply to Hayes' case. The court based Hayes' sentence on career offender guidelines, not the pre-amendment crack cocaine guideline. The district court in Jackson, on the other hand, based the defendant's sentence on the pre-amendment crack cocaine guideline. Sixth Circuit cases subsequent to Jackson have rejected its application to § 3582(c)(2) motions by defendants sentenced as career offenders, citing its unique factual circumstances. See, e.g., United States v. Thompson, 714 F.3d 946, 949-50 (6th Cir. 2013); United States v. Riley, 726 F.3d 756, 761 (6th Cir. 2013); United States v. Tillman, 511 F. App'x 519, 521 (6th Cir. 2013); United States v. Williams, 512 F. App'x 594, 599-600 (6th Cir. 2013); United States v. Drewery, 531 F. App'x 675, 681-82 (6th Cir. 2013); United States v. Perdue, 572 F.3d 288, 292 (6th Cir. 2009). These cases make clear that the court's reasoning in Jackson does not apply to Hayes. They demonstrate that a defendant is only eligible for sentence reduction under 18 U.S.C. § 3582(c)(2) if his sentence was "based on" the pre-amendment crack cocaine guidelines. Where the defendant's sentence was solely determined based on career offender guidelines and the minimum sentence exceeds the otherwise applicable guideline range, the defendant does not receive the benefit of the amendment and is not eligible for sentence reduction.

Hayes' sentence was not "based on" pre-amendment crack cocaine guidelines, but solely on career offender guidelines. Likewise, the downward variance of Hayes' sentence from 151-188 months to 120 months was not "based on" the disparity between crack and powder cocaine, as it was in Jackson, so that disparity was not a

-2-

basis for the sentencing. Thus, the court hereby accepts the government's argument that the crack guideline amendment had no effect on Hayes' sentence. Hayes' motion for sentence reduction is DENIED.

    IT IS SO ORDERED.

Dated: May 29, 2014

                                s/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 29, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---